Cupp, J.,
dissenting.
{¶22} Because the majority’s holding contrasts with the plain language of Crim.R. 16(B)(1)(c) and because appropriate mechanisms otherwise exist within the Criminal Rules to safeguard from disclosure information not relevant to the defendant’s defense, I must respectfully dissent.
{¶ 23} There is no requirement in the discovery provisions of the Criminal Rules that a defendant who wishes to verify the accuracy of the printed version of electronic data stored on a state’s computer hard drive must first make a prima facie showing that the state provided false, incomplete, adulterated, or spoliated evidence. Although defendant’s basis for asserting a discrepancy between the printed version of the data and the version that resides on the computer hard drive may seem unusual, there is no justification for creating, as the majority *476 opinion does, a permanent judicial gloss over the plain language of the discovery rules to short-circuit defendant’s discovery request. Moreover, imposing such a standard ignores the plain language of the rule by imposing obligations on the defendant beyond the rule’s “materiality” standard.
{¶ 24} The only limitations in Crim.R. 16(B)(1)(c) are that evidentiary materials must be in the state’s possession and must be (1) material to the preparation of defense, (2) intended for use by the prosecuting attorney as evidence at the trial, or (3) obtained from or owned by the defendant.[1] In this case, the computer hard drive was in the state’s possession and was material to defendant’s defense theory. Further, the prosecutor intended to use, in printed form, the data contained on the hard drive as part of the state’s evidence. Crim.R. 16(B)(1)(c). In contrast to the majority’s holding, nothing in the text of Crim.R. 16(B)(1)(c) requires a defendant to demonstrate any threshold indicia of unreliability of the challenged evidence in the state’s custody. The trial court should have ordered the state to produce the hard drive for the defendant’s inspection or copying. As the appellate court recognized, “forcing a litigant to rely upon an adverse party’s representation that a transcript” is accurate without allowing any verification of that accuracy is inconsistent with general notions of a fair trial. State v. Rivas, 172 Ohio App.3d 473, 2007-Ohio-3593, 875 N.E.2d 655, ¶ 2.
{¶ 25} Notwithstanding, the state has legitimate reason to prevent defendant’s unrestricted access to the data on the computer hard drive. According to the state, the computer hard drive that contains the data sought by defendant also contains data that pertain to investigations not related to defendant. Simply because a defendant is allowed to inspect and copy the evidence under Crim.R. 16 does not mean that his access to the evidence must be free of all restrictions. Therefore, the defendant’s access should be limited to prevent the disclosure of information pertaining to these other matters.
{¶ 26} The methods by which a court may limit a defendant’s access to only the information needed for his defense are delineated in Crim.R. 16(E)(1) and (2): the use of protective orders and restrictions on the time, place, and manner of the inspection and copying of evidence. There has been no showing that the trial court in this instance could not have allowed Rivas access to the state’s computer hard drive as required by Crim.R. 16(B)(1)(c) while simultaneously protecting the *477 state’s interest in not disclosing information pertaining to other investigations through the use of a protective order under Crim.R. 16(E). Indeed, the trial court’s initial discovery order allowing for inspection had, in fact, contained the caveat that computer hardware would be inspected, printed, copied, or photographed only in the presence of and under the control of the Xenia Police Department.
Stephen K. Haller, Greene County Prosecuting Attorney, and Elizabeth A. Ellis, Assistant Prosecuting Attorney, for appellant.
Law Office of Marc Mezibov, Marc D. Mezibov, and Stacy A. Hinners, for appellee.
{¶ 27} Although the exact form of protective measure — whether by in camera inspection, examination by a third-party expert, or any other means — is a decision best left to the sound discretion of the trial court examining the evidence and facts before it, the fact remains that such a safeguard exists within Crim.R. 16. Rather than improvising a standard that is unsupported by the plain language of the criminal rule and likely to have unforeseen consequences, we should hold that the safeguards specifically contemplated by the rule should be used to prevent disclosure of information not relevant to a defendant’s defense.
{¶ 28} I must respectfully dissent.
Moyer, C.J., and Pfeifer, J., concur in the foregoing opinion.

. The initial obligation to demonstrate that the requested disclosure of a document or tangible object is material to the preparation of a defense has always been placed on the defendant. See, e.g., Crim.R. 16(B)(1)(c) (“Upon motion of the defendant [a court shall permit discovery of documents and tangible items] which are material to the preparation of his defense * * *”); State ex rel Steckman v. Jackson (1994), 70 Ohio St.3d 420, 435, 639 N.E.2d 83 (quoting the rule); United States v. Rhoads (C.A.8, 1980), 617 F.2d 1313, 1319 (concluding that a defendant failed to demonstrate the manner in which the desired materials were “material to the preparation” of the defense under former Fed.R.Crim.P. 16(a)(1)(C)).